A. M. WILLEY v. NORFOLK SOUTHERN RAILROAD COMPANY.

*Condemnation of Land—Eminent Domain—Easement.*

1. A railroad company acquires, with the lands condemned for the purposes of the construction and operation of its road, all the rights and privileges which appertained to it at the time of condemnation.

2. Therefore, where the land condemned to the use of a railroad company was crossed by a ditch which drained the water from it, as well as from an adjacent tract belonging to a third party, and the company by conducting the water from its land prevented the flow from the adjacent tract; *Held*, that the owner of the latter was not entitled to recover damages for injuries sustained thereby, he failing to show that he had any title to the use of the said ditch.

This is a CIVIL ACTION, which was tried before *Avery, Judge*, at Spring Term, 1887, of HERTFORD Superior Court.

There was judgment for the defendant and plaintiff appealed.

The facts are stated in the opinion.

*Mr. A. W. Haywood*, for the plaintiff.
*Mr. L. D. Starke*, for the defendant.

SMITH, C. J.  The plaintiff owns, and at the time of the grievances mentioned in his complaint, was in possession of and cultivating a tract of land, between which and that upon which the defendant's railway was constructed, intervened a tract belonging to one B. C. Bell.  Across these adjoining tracts passes a "lead ditch," through which are conveyed the surplus waters that fall upon both tracts.  In constructing the defendant's road in 1881, a portion of the land of Bell, with a section of the ditch through which flow the waters in drainage of the plaintiff's land as they pass away in the opposite direction, was condemned to the use of the defendant company, and in relieving its road of exces-

sive surface waters, it found it necessary to make excavations and conduct the waters into the same ditch upon its own land, whence they are carried away in a direction opposite the plaintiff's land. The alleged injury does not arise from diverting the course of the flow, or pouring it in larger quantities upon the plaintiff's premises, or with increased force, for this is not the result of the defendant's act, but from an alleged increase of volume, beyond the capacity of the ditch to remove it as before, so that the water falling on his land, not having sufficient outlet, is ponded back upon his land. This is the gravamen of the complaint and the cause of action set out in it.

Upon the trial of the issues made in the pleadings "there was no evidence of title in the plaintiff to the ditch," as is stated in the case made up on the appeal, and which we understand to mean that no easement in the ditch or right to use it for drainage purposes was shown to vest in the plaintiff; and though the company claimed and exercised the right to use the ditch in the manner set forth, from the time of its acquiring the land from Bell, no suit so far as appears was instituted by the plaintiff contesting the claim until the present action was brought on the 15th day of February, 1886.

Upon this state of the evidence, the Court intimated that the jury would be instructed that the plaintiff had not made out his case, whereupon he submitted to a nonsuit and appealed.

This summary statement of facts seems to us to dispose of the controversy and to dispense with any inquiry into the relative rights and responsibilities of the owners of upper and lower contiguous tenements in the disposition of accumulated surface water to which most if not all of the cases cited in argument have reference. The defendant has not thrown upon the plaintiff's land the waters that fell upon its own, but has used a mode of drainage necessary for the

road and the public convenience and safety upon its own premises, and at most has deprived the plaintiff of facilities for his own drainage which he before possessed and used, but without any vested right so to do. This is the sole consequence of its own use in a legitimate manner, of the same ditch by the defendant.

By the condemnation all the rights of Bell, the owner of the lower and servient land, passed to defendant, and if no vested interest in the easement had been acquired by the plaintiff previous thereto, so that the use of the ditch was permissive, and Bell could have recalled his permission, so could the defendant who succeeded him in the title. But there has been no direct obstruction in the way of the plaintiff's enjoyment of his privilege. He can use it as before, and the grievance is, that the defendant also uses the ditch, and it is not sufficient for both proprietors, and hence the suit proceeds upon the idea of a superior and paramount title in the plaintiff, when in fact he shows none at all.

We do not enter upon the consideration of the public interest in having the road bed kept in safe condition for the transportation of passengers and freight as a feature distintinguishing this case from one in which the contesting claimants are private persons, further than to say that in the condemnation everything necessary and incident to the original making and subsequent operating the road must be intended to have passed as against the owner of the condemned land, and as before he could have run a collateral ditch into the lead ditch, for his more effectual protection against accumulating surface water. So we can see no reason, in the absence of any vested right to the easement, why it may not do the same thing upon its acquired land.

We think, therefore, that the Judge ruled correctly, and the judgment of nonsuit must be affirmed.

No error.                              Affirmed.